IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEDRIC HAGLER, * | |
|     Plaintiff | |
|                                             * | |
| v. | CIVIL ACTION NO. WDQ-06-571 |
|                                             * | |
| STATE OF MARYLAND | |
|     Defendant * | |
|                                 ****** | |

**MEMORANDUM**

Plaintiff brings this pro se action, titled "Compulsory Counterclaim," against the State of Maryland. The complaint is not a picture of clarity. Plaintiff complains that the Baltimore County District and Circuit Courts erred in dismissing his compulsory counter claim, apparently filed by him in his then pending criminal case. Paper No. 1. Plaintiff has neither paid the civil filing fee, nor filed a Motion for Leave to Proceed in Forma Pauperis. Because he appears indigent, however, Plaintiff shall be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Upon review of the complaint, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554

(1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), *quoting Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

A review of Plaintiff's allegations does not compel the conclusion that the judges of the Baltimore County District and Circuit Courts acted in clear absence of jurisdiction. Rather, Plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached at the state court level, this pro se litigant has turned to this forum to assert allegations of improper acts against state court judges.

Moreover, under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *Penhurst State School and Hospital v. Halderman*, 465

U. S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus Plaintiff's complaint against the State of Maryland is barred by the Eleventh Amendment.

To the extent Plaintiff wishes this Court to compel the state court to consider his "counter claim" such a request, seeking to compel certain action by the state and/or its agents is in the nature of a writ of mandamus. *See* 28 U.S.C. § 1361. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over state employees and cannot compel the Maryland state courts to reinstate, or grant his "counter claim." *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969). Therefore, the complaint construed as a request for mandamus relief shall be denied.[1]

A separate Order shall be entered reflecting the ruling set forth herein.


April 18, 2006                                  /s/
Date                                    William D. Quarles, Jr.
                                        United States District Judge

---

[1] If Plaintiff believes that his constitutional rights were violated during his state court criminal proceedings he is free to file a Petition for Writ of Habeas Corpus relief pursuant to 28 U.S.C. § 2254. The Clerk shall be directed to provide Plaintiff a form packet.